## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| ORION LABS TECH, LLC, | |
| Plaintiff, | Civil Action No. 7:25-cv-00133 |
| v. | |
| SPRINKLR, INC., | |
| Defendant. | |

## DEFENDANT SPRINKLR, INC.'S RULE 12(b)(6)
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

I.   Introduction ........................................................................................................ 1

II.  Factual and Procedural Background ................................................................. 1

III. Legal Standard ................................................................................................... 4

IV.  Argument ........................................................................................................... 4

   A.   Orion Failed to Plausibly Plead Direct Infringement of Any Asserted Patent ........ 4

      1.   '430 Patent (Count I) ................................................................................ 5

      2.   '003 Patent (Count II) .............................................................................. 7

         a.   Orion Failed to Plausibly Allege that Sprinklr "Intelligent Agents" Perform Recording Services (Claims 8, 11, 15–17) ......... 8

         b.   Orion Failed to Plausibly Allege that Sprinklr "Intelligent Agents" Perform Any Claimed "Service" (Claims 1, 4) ............... 9

      3.   '339 Patent (Count III) ............................................................................ 10

      4.   '636 Patent (Count IV) ............................................................................ 11

      5.   '733 Patent (Count V) ............................................................................. 14

   B.   Orion Failed to Sufficiently Plead Any Claim for Indirect Infringement ............ 15

      1.   Orion Failed to Adequately Plead Underlying Direct Infringement ......... 15

      2.   Orion Failed to Adequately Plead Actual Knowledge ............................. 16

      3.   Orion Insufficiently Pleaded a Lack of Substantial Non-Infringing Uses 17

   C.   Orion Failed to Adequately Plead Willful Infringement ....................................... 18

      1.   Orion Failed to Plausibly Plead Knowledge of Any Asserted Patent ....... 18

      2.   Orion Failed to Plausibly Plead Direct Infringement .............................. 19

      3.   Orion Failed to Plausibly Plead Sprinklr's Knowledge of Alleged Infringement of Any Asserted Patent ....................................... 19

   D.   Orion's Amended Complaint Should Be Dismissed with Prejudice .................... 20

V.   Conclusion ....................................................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ......................................................................17

*ALD Soc. LLC v. Google LLC*,
    No. WA-22-CV-972-FB, 2023 WL 3184631 (W.D. Tex. Mar. 17, 2023).......................12, 20

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ......................................................................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................17

*Atlas Glob. Techs., LLC v. Sercomm Corp.*,
    638 F. Supp. 3d 721 (W.D. Tex. 2022)...............................................................19

*AuthWallet, LLC v. Amarillo Nat'l Bank*,
    No. 24-CV-00064-DC, Dkt. 27 (W.D. Tex. Feb. 28, 2025) .................................16

*AuthWallet, LLC v. Fiserv, Inc.*,
    No. MO:24-CV-00063-DC, Dkt. 29 (W.D. Tex. Feb. 28, 2025) .......................7, 18

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021).............................................................................20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................4

*In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)...............................................................15, 16, 17

*BillJCo, LLC v. Apple Inc.*,
    583 F. Supp. 3d 769 (W.D. Tex. 2022).................................................................17

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ............................................................4, 12, 14, 15

*Brewster v. Dretke*,
    587 F.3d 764 (5th Cir. 2009) ...............................................................................20

*C.R. Bard., Inc. v. Advanced Cardiovascular Sys., Inc.*,
    911 F.2d 670 (Fed. Cir. 1990)...............................................................................16

ii

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
    394 F.3d 285 (5th Cir. 2004) ................................................................................3

*Cen-Tex Fire & Sec. LLC v. Truist Bank*,
    No. 6:24-CV-00213-ADA-DTG, 2024 WL 5278887 (W.D. Tex. Dec. 5, 2024) .....................4

*ChargePoint, Inc. v. SemaConnect, Inc.*,
    920 F.3d 759 (Fed. Cir. 2019) .............................................................................3

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015) ..........................................................................................16

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
    No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ........................14, 15

*CTD Networks, LLC v. Google, LLC*,
    688 F. Supp. 3d 490 (W.D. Tex. 2023) ..........................................................4, 6, 19

*CTD Networks LLC v. Microsoft Corp.*,
    No. W-22-CV-01049-XR, 2023 WL 5417141 (W.D. Tex. Aug. 22, 2023) .........................20

*Doe v. Ferguson*,
    128 F.4th 727 (5th Cir. 2025) ..............................................................................4

*Duncan Parking Techs., Inc. v. IPS Grp., Inc.*,
    914 F.3d 1347 (Fed. Cir. 2019) ........................................................................9, 11

*Elec. Power Grp., LLC v. Alstom S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016) ............................................................................3

*Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*,
    No. 2022-2001, 2023 WL 5219773 (Fed. Cir. Aug. 15, 2023) ...................................16

*Flypsi, Inc. v. Google LLC*,
    No. 6:22-CV-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) .........................16

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ....................................................................................16, 19

*GreatGigz Sols. LLC v. Freelancer Ltd.*,
    No. 6:20-CV-00738-ADA, 2022 WL 22860429 (W.D. Tex. July 1, 2022) .......................19

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016) ..........................................................................................18

*Inhale, Inc v. Gravitron, LLC*,
    No. 1:18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ...........................17

*Iron Oak Techs., LLC v. Dell, Inc.*,
No. 1:17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ....................................18

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)............................19

*LifeNet Health v. LifeCell Corp.*,
837 F.3d 1316 (Fed. Cir. 2016)........................................................................................4

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)........................................................................................4

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1:18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)..................................16

*Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*,
No. AU-16-CA-00687-SS, 2018 WL 3014421 (W.D. Tex. Apr. 6, 2018)..............................9

*Rose v. Grappler Pressure Pumping, LLC*,
721 F. Supp. 3d 510 (W.D. Tex. 2024)...............................................................................4

*Shah v. Maple Energy Holdings, LLC*,
No. A:23-CV-00819-DC, 2024 WL 5185362 (W.D. Tex. Aug. 18, 2024)............................3

*Shamoon v. City of San Antonio*,
No. SA-18-CV-00718-XR, 2025 WL 1356399 (W.D. Tex. Apr. 30, 2025) .........................20

*St. Isidore Rsch., LLC v. Comerica Inc.*,
No. 2:15-CV-1390-JRG-RSP, 2016 WL 4988246 (E.D. Tex. Sept. 19, 2016).....................13

*Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*,
620 F. Supp. 3d 557 (W.D. Tex. 2022)..........................................................................18, 20

*Vervain, LLC v. Micron Tech., Inc.*,
No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ............................4, 5

*Yu v. Apple Inc.*,
1 F.4th 1040 (Fed. Cir. 2021) .........................................................................................3

**Statutes**

35 U.S.C. § 101..............................................................................................................1, 2, 3

35 U.S.C. § 284.....................................................................................................................19

**Rules**

Federal Rule of Civil Procedure 8 ...........................................................................................1

iv

## I.    INTRODUCTION

Plaintiff Orion Labs Tech, LLC's ("Orion") First Amended Complaint (Dkt. 24) alleges that Defendant Sprinklr, Inc.'s ("Sprinklr") Sprinklr Service platform infringes various claims of U.S. Patent Nos. 10,110,430; 10,462,003; 10,924,339; 11,127,636; and 11,258,733 (collectively, the "Asserted Patents").  Orion amended its Complaint rather than oppose Sprinklr's prior motion to dismiss (Dkt. 17).  Peculiarly, however, Orion failed to ***address***—let alone remedy—any of the fatal flaws from its original Complaint that Sprinklr briefed in its prior motion.  Rather, the Amended Complaint recites the same exact allegations of direct infringement contained in Orion's original Complaint, and its amendments appear targeted at overcoming Section 101 challenges to the pleadings made by a ***different defendant*** in a ***different case***.

Focusing on the pleadings ***in this case***, Orion's Amended Complaint still fails to allege any relationship between the claimed "intelligent agents" in its Asserted Patents—originally intended to assist communications among firefighters, medical response personnel, and law enforcement personnel, *see, e.g.*, Ex. 1, at 4:27–52—and the claims' requirements that those same virtual "bots" perform, for example, the required steps of "recording" or "translating."  That is because the Amended Complaint cites to the same grab bag of disparate sources as the original Complaint, which are often wholly unrelated to Sprinklr's accused product, in support of its infringement theories, such as blogs discussing the customer service management (CXM) ***product category*** and ***competitor products***.  Such evidence does not pass muster under Federal Rule of Civil Procedure 8 to plead infringement, particularly for complex software products.  Sprinklr accordingly moves to dismiss Orion's Amended Complaint with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The '430, '003, and '339 patents are titled "Intelligent Agent Features for Wearable Personal Communication Nodes."  Ex. 1, at 1; Ex. 2, at 1; Ex. 3, at 1.  The '636 patent is titled

"Bot Group Messaging Using Bot-Specific Voice Libraries," Ex. 4, at 1, and the '733 patent is titled "Transcription Bot for Group Communications," Ex. 5, at 1. Each Asserted Patent was acquired by Plaintiff Orion Labs Tech, LLC from Orion Labs, Inc. (conspicuously named to create the appearance of a relationship). Ex. 6. The alleged inventions purportedly build off "internet Bot[s]" that are "software application[s] that run[] automated tasks (scripts) over the internet"; "chatterbots" that "communicate with other users of internet-based services"; and "general-purpose bots," which "are digital personal assistants." *See, e.g.*, Ex. 4, at 1:14–57.

On November 27, 2024, Orion filed a complaint alleging infringement of seven patents, including all five Asserted Patents here, against TalkDesk, Inc. *Orion Labs Tech, LLC v. TalkDesk, Inc.*, No. 1:24-cv-02146, Dkt. 1 (E.D. Va. filed Nov. 27, 2024). TalkDesk moved to dismiss this complaint for improper venue and for failure to state a claim because each Asserted Patent is invalid under 35 U.S.C. § 101. Ex. 7 (*Orion Labs Tech, LLC v. TalkDesk, Inc.*, No. 3:24-cv-00858-RCY, Dkt. 10 (E.D. Va. filed Jan. 29, 2025)). That case was transferred to the Northern District of California, where it is pending. *Orion Labs Tech, LLC v. TalkDesk, Inc.*, No. 3:24-cv-00858-RCY, Dkt. 35 (E.D. Va. June 13, 2025) (granting transfer); *Orion Labs Tech, LLC v. TalkDesk, Inc.*, No. 4:25-cv-05045-YGR, Dkt. 49 (N.D. Cal. filed June 26, 2025).

On March 20, 2025, Orion filed its original Complaint against Sprinklr, alleging infringement of the Asserted Patents. Dkt. 1. The accused Sprinklr Service is a CCaaS ("Contact Center as a Service") platform for brands to manage their customer service operations. Ex. 8 (https://www.sprinklr.com/products/customer-service/) (cited by Dkt. 24-1, at A-1, A-6, A-11, A-13 & n.1).[1] Sprinklr Service enables live human agents to hold conversations with customers over

---

[1] The Court may consider URLs cited in Orion's Amended Complaint, attached here as exhibits for ease of reference, because "they are referred to in the plaintiff's complaint and are

multiple channels (*e.g.*, voice, IM-based chat, social media channels). *Id.* On May 30, 2025, Sprinklr moved to dismiss the original Complaint. Dkt. 17. On June 11, 2025, Orion served its preliminary infringement contentions, Dkt. 19, which mirrored the inadequate allegations from its original Complaint. On June 27, 2025, Orion filed its Amended Complaint, which again repeated the same inadequately pleaded allegations from its original Complaint and failed to respond to ***any*** of Sprinklr's arguments from its motion to dismiss. Dkt. 24. Instead, Orion attempted to bolster the purported validity of the Asserted Patents under § 101—a topic not at issue in Sprinklr's motion to dismiss[2]—and attached a conclusory expert declaration regarding the same. Orion's Amended Complaint and its attached declaration both explicitly responded to arguments made by ***TalkDesk*** but not ***Sprinklr***. *Compare, e.g.*, Dkt. 24, ¶ 56 ("The complexity and specificity of . . . the '430 patent claims is not equivalent to the ***defendant's analogy*** of using a ***court reporter*** in a court hearing or deposition."); Dkt. 24-6, ¶ 47 (same), *with* Ex. 7, at 12–13 ("Claim 1 of the '430 Patent is directed to the abstract idea of a 'virtual' assistant in a communication group. . . . A familiar example is the decades-old practice of ***court reporters*** attending a teleconference or hearing.").[3] In its haste—and lacking credible arguments—Orion declined to address a single argument or flaw in its pleadings identified in Sprinklr's original motion.

---

central to [its] claim[s]." *See Shah v. Maple Energy Holdings, LLC*, No. A:23-CV-00819-DC, 2024 WL 5185362, at *2 & n.16 (W.D. Tex. Aug. 18, 2024) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

    [2] For avoidance of doubt, the Asserted Patents are invalid under 35 U.S.C. § 101 because they claim conventional tasks routinely performed by humans, including the age-old tasks of recording, auditing, communicating, and translating, with "off-the-shelf conventional computer . . . technology." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016); *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021). The claimed "intelligent agents" are "simply an 'abstract-idea-based solution implemented with generic technical components in a conventional way.'" *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 775 (Fed. Cir. 2019). Sprinklr does not request that the Court decide this issue now, nor did it make such a request in its initial motion to dismiss, but Sprinklr has put Orion on notice of this additional fatal shortcoming.

    [3] All emphasis in quotations added unless otherwise noted.

## III.    LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  It "must include specific factual allegations in support of the claim," and "[m]ere recital of the elements of a cause of action, and conclusory allegations are insufficient."  *Cen-Tex Fire & Sec. LLC v. Truist Bank*, No. 6:24-CV-00213-ADA-DTG, 2024 WL 5278887, at *1 (W.D. Tex. Dec. 5, 2024), *R&R adopted*, 2025 WL 28463 (W.D. Tex. Jan. 3, 2025).  "[L]egal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement" are not "accept[ed] as true" on a motion to dismiss.  *Doe v. Ferguson*, 128 F.4th 727, 733 (5th Cir. 2025) (quotation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Rose v. Grappler Pressure Pumping, LLC*, 721 F. Supp. 3d 510, 513 (W.D. Tex. 2024).

## IV.    ARGUMENT

### A.    Orion Failed to Plausibly Plead Direct Infringement of Any Asserted Patent

"Direct infringement 'requires that each and every limitation set forth in a claim appear in an accused product.'"  *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 499 (W.D. Tex. 2023) (quoting *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016)).  To state a claim, a plaintiff must put the alleged infringer on notice of what ***activity***—not just what ***product***—is being accused.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  In other words, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation."  *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)).  When claims are directed to software, and where the limitations at issue are material to the patent's alleged novelty, a "higher level of pleading" detail is required.  *See id.* at *5.  This is because "[a]

4

plaintiff cannot establish 'why it is plausible that the accused product infringes the patent claim' by merely articulating why it is plausible that the accused product practices the prior art." *Id.*

Orion fails to support its claims with sufficient detail, and what evidence it does cite belies any direct infringement by Sprinklr. For example, Orion repeatedly cites to links from Sprinklr's "CXM Guide" blog throughout its claim charts but ignores that these blog posts are intended to provide background information to Sprinklr's potential and current customers about the general category of "unified customer experience management," not any specific Sprinklr product. As discussed below for each Asserted Patent, Orion has failed to state a claim for direct infringement of any of the Asserted Patents, and its claims should be dismissed.

### 1.    *'430 Patent (Count I)*

Orion's Amended Complaint fails to plausibly allege that the accused Sprinklr Service software performs at least the "recording and auditing" function required by the asserted claims. Specifically, all three asserted claims of the '430 patent—claims 1, 7, and 13—require that an "intelligent agent" or "virtual assistant" perform a "recording and auditing" function:

- "the instantiated ***intelligent agent recording and auditing*** communications among and between the plurality of personal communication member nodes" ('430 patent, claim 1)

- "the instantiated ***intelligent agent*** is configured to ***record and audit*** communications among and between the plurality of personal communication member nodes" ('430 patent, claim 7)

- "instantiating the ***intelligent agent as an virtual assistant communication member node*** of the communication group, wherein ***the virtual assistant communication member node performs recording and auditing services***" ('430 patent, claim 13)

Orion alleges generally that an unidentified portion of ***Sprinklr Service*** practices this function because it "stores a conversation ('recording') and provides access to these logs." Dkt. 24-1, at A-5, A-10, A-14; *see also* Dkt. 1-1, at A-5, A-10, A-14 (identical).[4] But this unsubstantiated

---

[4] All citations to Dkt. 24-1 also exist in Dkt. 1-1, as Orion failed to make ***any*** edits to this Exhibit since its original Complaint, despite Sprinklr's notice of its flaws in its original motion.

statement does not track the claims, which require that the "intelligent agent" perform the "recording"; even if Sprinklr Service performed recording, that still would not practice the claims.

Orion fails to plausibly allege that any "intelligent agents" in Sprinklr's live chat "record[]" or "audit[]" *any* "communications." In fact, the only evidence Orion points to as support for the "recording" function is a webpage from Sprinklr's CXM Guide—a "comprehensive guide" to CXM call management software platforms that potential customers "should look out for in [their] call management solutions," *not* a description of the *accused* software. *See* Ex. 9 (https://www. sprinklr.com/cxm/call-management/) (cited by Dkt. 24-1, at A-5, A-10 & n.14). And even if the cited evidence were specifically tied to the accused Sprinklr Service software (it is not), it would merely describe a feature called "auto recording" that can be used to "record all incoming and outgoing calls without any external effort." *See id.* There is nothing tying the generic "auto recording" feature to the '430 patent's "intelligent agents." Orion's cited evidence for the "recording" function of claim 13 fares no better because it is likewise untethered to the Accused Product. *See* Ex. 10 (https://www.sprinklr.com/cxm/virtual-contact-center/) (cited by Dkt. 24-1, at A-1, A-7, A-14 & n.5). Given the complete disconnect between the '430 patent claims and the cited evidence, Orion has not sufficiently pleaded direct infringement.

None of Orion's evidence cited for other limitations provides any support for its allegations either. For example, another blog post describes call centers generally and includes no mention of any "bot." *See* Ex. 11 (https://www.sprinklr.com/cxm/call-center-recording/) (cited by Dkt. 24-1, at A-1, A-6 & n.4). Nor does it discuss recording performed by a "virtual assistant." Further, this post expressly discusses *competitor products*, including those sold by RingCentral, TalkDesk, and Nine CXone. *See id.* Such "evidence" is insufficient to state a claim for infringement by *Sprinklr Service*. *See, e.g.*, *CTD Networks*, 688 F. Supp. 3d at 499–500 (a plaintiff may not "mix[] and

match[] software products to satisfy limitations of the various infringed patent claims"). This Court has already found that "infringement allegations rely[ing] on mixing and matching different accused products in its claim charts . . . are improper." Ex. 12 (*AuthWallet, LLC v. Fiserv, Inc.*, No. MO:24-CV-00063-DC, Dkt. 29 (W.D. Tex. Feb. 28, 2025)), at 3. Because the '430 patent asserted claims require that the "intelligent agent" both "record" *and* "audit" communications, this limitation cannot be met, and there can be no direct infringement.

Claim 7 of the '430 patent additionally requires that the accused product be a "non-transitory computer readable storage medium" with "a distributed group communications application stored thereon." But Orion *still* fails to address this limitation *at all*. *See* Dkt. 24-1, at A-6; *see also* Dkt. 1-1, at A-6 (identical). For example, Orion alleges that "Sprinklr Service includes a *virtual* AI-power agent," and its only discussion of storage for claim 7 alleges that "local and *cloud-based* storage options" exist for its "secure repository for *call recordings and transcripts*." *Id.* Nothing in Orion's Amended Complaint addresses any non-transitory storage medium containing *the application* as opposed to tertiary files created by said application. Claim 7 further requires that the application be "executed by one or more processors," but Orion likewise still fails to address this limitation. *See id.* These are additional reasons that there can be no direct infringement of the '430 patent. The Court should accordingly dismiss Count I.

2.      *'003 Patent (Count II)*

Orion's Amended Complaint also fails to plausibly allege that Sprinklr Service software performs at least the "recording and auditing" functions required by asserted claims 8, 11, 15, 16, and 17 of the '003 patent, or "perform[s] a service" as required by asserted claims 1 and 4.

a. Orion Failed to Plausibly Allege that Sprinklr "Intelligent Agents" Perform Recording Services (Claims 8, 11, 15–17)

For the same reasons discussed in *supra* § IV.A.1, Orion fails to plausibly allege that an "intelligent agent" or "virtual assistant" in the Sprinklr Service software performs at least the "recording and auditing" function in asserted independent claims 8 and 15 of the '003 patent:

- "the instantiated *intelligent agent* is *configured to record* and audit communications among and between the plurality of personal communication member nodes" ('003 patent, claim 8)

- "instantiating the *intelligent agent as an virtual assistant communication member node* of the communication group, wherein *the virtual assistant communication member node* performs *recording* and auditing *services*" ('003 patent, claim 15)

Orion largely continues to rely on the same flawed evidence for the '003 patent as the '430 patent, *see, e.g.*, Dkt. 24-2, at B-18, B-31,[5] and its other evidence fares no better. One example is a blog post discussing quality assurance in customer service products generally without any mention of "recording," "bots," or "virtual assistants." *See* Ex. 13 (https://www.sprinklr.com/blog/automate-agent-quality-management-with-AI/) (cited by Dkt. 24-2, at B-7–10, B-15, B-18–22, B-31–32 & n.9). Rather than support Orion's infringement theory, the post describes analyzing interactions between *live agents* and human customers to "provide insights related to *agent* performance and customer sentiment in very less time . . . These insights can then be consumed by the supervisors to strategically plan the coaching sessions for their *agents* and track the improvements of the *agents*." *Id.* Orion's claim chart thus fails to link the claimed *computer-implemented* "intelligent agent" with the required "recording" feature. Indeed, the cited article has no relation to the accused Sprinklr Service product. Because claims 8 and 15 of the '003 patent require that the "intelligent agent" "record" communications, Orion has again failed to plausibly allege that Sprinklr directly infringes independent claims 8 or 15. There can also be no infringement of dependent claims 11,

---

[5] All citations to Dkt. 24-2 also exist in Dkt. 1-2, as Orion failed to make *any* edits to this Exhibit since its original Complaint, despite Sprinklr's notice of its flaws in its original motion.

16, or 17, each of which depend from claim 8 or 15.  *See Duncan Parking Techs., Inc. v. IPS Grp., Inc.*, 914 F.3d 1347, 1360 (Fed. Cir. 2019) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim." (citation omitted)); *Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*, No. AU-16-CA-00687-SS, 2018 WL 3014421, at *4 (W.D. Tex. Apr. 6, 2018) (similar).

Further, just like claim 7 of the '430 patent, claims 8 and 11 of the '003 patent additionally require that the accused product be a "non-transitory computer readable storage medium" that "ha[s] a distributed group communications application stored thereon."  But Orion again fails to address this limitation ***at all***.  *See* Dkt. 24-2, at B-15, B-20; *see also* Dkt. 1-2, at B-15, B-20 (identical).  Thus, there can be no direct infringement of at least claims 8 or 11 of the '003 patent.

> ### b.    Orion Failed to Plausibly Allege that Sprinklr "Intelligent Agents" Perform Any Claimed "Service" (Claims 1, 4)

Claim 1 of the '003 patent more broadly requires that the "intelligent agent perform[] a service."  Orion suggests that "Sprinklr's AI bots can gather information and provide responses to customers" and "can also transfer the conversation to help-desk personnel if requested," which allegedly fulfills a "performing a service" limitation.  Dkt. 24-2, at B-5; *see also* Dkt. 1-2, at B-5 (identical).  But there is no support in the claim or specification for the claimed "service" to include gathering information, providing responses, or transferring calls.  The only example "services" in the patent are "***recording*** communications, ***auditing*** communications, providing audio ***transcription***, ***annotating*** media, and ***paging*** communication devices" in addition to "voice-command-based assistance features."  *See* Ex. 2, at 1:55–61, 4:22–25.  The patent further states that "[a] variety of ***services*** and ***other assistance*** can be provided by intelligent agent member nodes," clearly delineating between ***services*** and other types of assistance that are ***not*** services.  *Id.* at 1:55–57.  And even if such "actions" were within the scope of the claim—which would implicate

9

§ 112 for failure to adequately describe the claimed invention—none of Orion's cited evidence supports the requirement that the claimed "intelligent agent" perform the "service."

Claim 4 depends from claim 1 and further requires that "the service comprises at least one of the following: recording communications . . . ; auditing communications . . . ; performing a search; performing audio transcription; and annotating communications." Ex. 2, cl. 4. But Orion alleges only that "Sprinklr's AI bots" "perform[] a service" either by "provid[ing] responses to customers or by "transfer[ring] the conversation to help-desk personnel if requested." *See* Dkt. 24-2, at B-5. Neither of these acts, even if true, would practice this limitation because they do not involve recording, auditing, searching, transcribing, or annotating. At most, the excerpt Orion cites suggests only that the bot may "collect relevant data from customers" to "solve[] the [customer's] problem if it can" or "escalate to a live agent." *Id.* But neither collecting information nor call routing are "services" as defined by the '003 patent. Thus, Orion has again failed to plead direct infringement of claims 1 or 4 of the '003 patent, and the Court should dismiss Count II.

### 3. '339 Patent (Count III)

Orion's Amended Complaint fails to plausibly allege that the accused Sprinklr Service software performs at least the "transcribing communications" function required by the asserted claims. Specifically, each asserted claim of the '339 patent—claims 1, 4, 8, 11, 15, 18, and 19— requires that the computer-implemented "intelligent agent" "transcrib[e] communications":

- "the instantiated ***intelligent agent transcribing*** communications among and between the plurality of personal communication member nodes" ('339 patent, claim 1)

- "the instantiated ***intelligent agent*** is ***configured to transcribe*** communications among and between the plurality of personal communication member nodes" ('339 patent, claim 8)

- "instantiating the ***intelligent agent as a virtual assistant communication member node*** of the communication group, wherein ***the virtual assistant communication member node performs transcription services*** for the communication group member nodes" ('339 patent, claim 15)

10

Orion alleges that "[a] Sprinklr AI bot virtual agent connects to the message channel and can begin providing answers." Dkt. 24-3, at C-3, C-13, C-23; *see also* Dkt. 1-3, at C-3, C-13, C-23 (identical).[6] But Orion fails to plausibly allege that any "Sprinklr AI bot" performs ***transcription***. In fact, Orion alleges only that the "***Sprinklr Service*** uses speech-to-text technology to provide voice call transcripts." *See id.* at C-5, C-15. This is deficient at least because it fails to even ***allege*** that transcription is performed by any bot, "intelligent agent," or "virtual assistant." Indeed, the subset of Orion's cited quotations that mention "transcription" do not refer to "bots" or "virtual assistants" at all. *See id.* at C-5, C-15, C-23.[7]

And claims 8 and 11 of the '339 patent—just like claim 7 of the '430 patent and claims 8 and 11 of the '003 patent—require that the accused product be a "non-transitory computer readable storage medium" that "ha[s] a distributed group communications application stored thereon." But Orion fails for a third time to address this limitation ***at all*** in its '339 patent claim chart. *See* Dkt. 24-3, at C-11, C-17. For at least these reasons, Orion has again failed to plead that Sprinklr directly infringes any claim of the '339 patent, and Count III should be dismissed.

### 4.     '636 Patent (Count IV)

Orion's Amended Complaint, just like its original Complaint, fails to plausibly allege that the accused software "send[s], by the group messaging service, the modified message to the bot member" as required by each of the asserted claims (1, 5, 10, and 16) of the '636 patent:

- "sending . . . the modified message ***to the bot member***" ('636 patent, claims 1, 5,[8] and 10)

---

[6] All citations to Dkt. 24-3 also exist in Dkt. 1-3, as Orion failed to make ***any*** edits to this Exhibit since its original Complaint, despite Sprinklr's notice of its flaws in its original motion.

[7] Orion's cited URL still appears to be broken, showing only a "404 error" page when visited, even though Sprinklr pointed this out in its original motion to dismiss over a month ago. *See* Ex. 14 (https://www.sprinklr.com/help/articles/automatic-speech-recognitionasr/speechtotext -transcription-in-voicebots) (cited by Dkt. 24-3, at, *e.g.*, C-5, C-7, C-10 & n.6); Dkt. 17, at 10 n.5.

[8] Claim 5 depends from independent claim 1 and thus "contain[s] all the limitations of that claim." *Duncan Parking*, 914 F.3d at 1360 (cleaned up).

- "send . . . the modified message **to the bot member**" ('636 patent, claim 16)

Orion alleges that "Sprinklr Service uses an AI bot to provide a transcription of a service call," Dkt. 24-4, at D-3, D-14; *see also* Dkt. 1-4, at D-3, D-14 (identical),[9] and that, "[o]nce the audio has been transcribed . . . , the transcript is delivered to the **agent** in a format that the **bot** can use," *id.* at D-7, D-18, D-26. But these allegations **contradict** the claims, which explicitly require that the "modified message" be sent "**to the bot** member," not to a **live agent**. For this reason alone, Orion once again "has essentially pleaded itself out of court," and its '636 patent infringement claim should be dismissed. *See Bot M8*, 4 F.4th at 1354 (claim should be dismissed where factual allegations are inconsistent with and contradict infringement); *accord ALD Soc. LLC v. Google LLC*, No. WA-22-CV-972-FB, 2023 WL 3184631, at *5 (W.D. Tex. Mar. 17, 2023) ("[D]ismissal is appropriate where a party . . . alleges facts inconsistent with infringement.").

Orion's citations confirm that transcripts are delivered to live agents, not a "bot member." For example, Orion cites a Sprinklr webpage that discusses "real-time transcript generation for video calls in the Care Console." Ex. 15 (https://www.sprinklr.com/help/articles/additional-features/video-call-transcripts/63c2e919f7c92723b10e9832) (cited by Dkt. 24-4, at D-3, D-7, D-10–11, D-14, D-18, D-22, D-26 & n.8). But all its use cases involve a **human** agent or supervisor:

- "**As an agent**, . . . **you** can retain and recall the details discussed during the call." (*Id.*)

- "**As an agent, you** can have an unalterable record of the call . . . ." (*Id.*)

- "**As a supervisor, you** can analyze the video call performance of agents and use it to provide targeted training." (*Id.*)

In each case, the agent or supervisor receiving the call transcript is a live person, **not** a bot. Orion therefore again fails to plausibly allege that any transcript is delivered "**to the bot member**."

---

[9] All citations to Dkt. 24-4 also exist in Dkt. 1-4, as Orion failed to make **any** edits to this Exhibit since its original Complaint, despite Sprinklr's notice of its flaws in its original motion.

The '636 patent itself also further supports this conclusion.  As illustrated in Figure 9, the alleged "AI bot" cannot be both what performs natural language processing (to generate a "modified message," highlighted in green below) **and** the bot node member 208 (yellow) that



receives the modified message from the group messaging service 104 (blue).  Orion's allegations contradict the claim language, alleging that "the transcript is delivered to the **agent**," and adding—confusingly and without factual support—that the transcript is

Ex. 4, at Fig. 9.

delivered to the agent "in a format that the **bot** can use."  Dkt. 24-4, at D-7, D-18, D-26.  As Orion appears to concede, no "modified message" is sent "to the bot node member" as the claims require.

In addition to these limitations, Orion wholly fails to address multiple other limitations. For example, claim 10 requires "a memory device" that "stor[es] instructions" in addition to "a processor," but Orion's claim chart never even uses the term "memory" outside of the language copied from claim 10, nor does it ever even suggest the existence of a physical memory device or processor.  *See* Dkt. 24-4, at D-12–13; *see also St. Isidore Rsch., LLC v. Comerica Inc.*, No. 2:15-CV-1390-JRG-RSP, 2016 WL 4988246, at *20 (E.D. Tex. Sept. 19, 2016) (construing term "device" to "necessarily [be] a physical apparatus").  Claim 16 also requires "a processor," which Orion's Amended Complaint never attempts to identify.  *See* Dkt. 24-4, at D-20.  Orion cannot plausibly allege direct infringement by failing to even mention multiple limitations of the '636 patent.  And Orion's failure to address this dispositive issue, which Sprinklr noted in its original motion to dismiss (Dkt. 17, at 13), is further evidence that Orion cannot plead direct infringement.

Accordingly, Orion's pleadings contradict any direct infringement of the '636 patent, and Count IV should be dismissed. *See, e.g.*, *Bot M8*, 4 F.4th at 1354; *Contiguity, LLC v. Conduent Bus. Servs., LLC*, No. W-23-CV-00038-XR, 2024 WL 252068, at *3 (W.D. Tex. Jan. 22, 2024) ("[Plaintiff]'s allegations refute its claims of infringement . . . [by] alleging a direct infringement theory that is incompatible with any plausible construction of the asserted claims.").

### 5.    *'733 Patent (Count V)*

Finally, Orion's Amended Complaint fails to plausibly allege that the accused Sprinklr software "launch[es] the **bot node member** to deliver transcribed content messages to a destination service" or "deliver[s] a transcribed content message of the audio content message to the destination service **via the bot node member**," as required by asserted '733 patent claims 1 and 15.

Orion alleges that Sprinklr's Interactive Voice Response ("IVR") component is the "bot node member" that "transcribe[s] voice input and deliver[s] the transcribed phrases to the Care Console ('destination service') for use by a live agent." Dkt. 24-5, at E-3, E-11; *see also* Dkt. 1-5, at E-3, E-11 (identical).[10]  Orion further alleges that the "Sprinklr Service receives the audio in a call, and the inbound voice IVR component delivers the transcribed audio content to the agent's Care Console." *Id.* at E-5, E-13.  But Orion's own cited evidence confirms that "call transcript[s]" are instead "auto-generated **in** Care Console," *i.e.*, the alleged "destination service."  *E.g.*, Ex. 15 (https://www.sprinklr.com/help/articles/additional-features/video-call-transcripts/63c2e919f7c92 723b10e9832) (cited by Dkt. 24-5, at E-3, E-11 & n.8).  Thus, Orion cannot plausibly allege that Sprinklr's **IVR** "transcribe[s] voice input and deliver[s] the transcribed phrases **to the Care Console** ('destination service')" because the transcription **originates in the Care Console**.  None

---

[10]  All citations to Dkt. 24-5 also exist in Dkt. 1-5, as Orion failed to make **any** edits to this Exhibit since its original Complaint, despite Sprinklr's notice of its flaws in its original motion.

of Orion's other quoted evidence provides support for its theory that the ***IVR*** transcribes or delivers a transcription to the Care Console.

And like each of the other Asserted Patents, Orion fails to even mention other limitations within the asserted claims of the '733 patent. For example, claim 15 requires "a memory device" that "stor[es] instructions" in addition to "a processor," but Orion's claim chart never uses the term "memory" or "processor" outside of the language copied from claim 15, let alone plausibly allege the existence of a physical memory device or a processor. *See* Dkt. 24-5, at E-9–10.

Accordingly, Orion's pleadings once again ***contradict*** any possible direct infringement of the '733 patent by Sprinklr. The Court should accordingly dismiss Count V. *See, e.g.*, *Bot M8*, 4 F.4th at 1354; *Contiguity*, 2024 WL 252068, at *3.

### B. Orion Failed to Sufficiently Plead Any Claim for Indirect Infringement

Orion has failed to adequately plead indirect infringement of the Asserted Patents at least because it failed to adequately allege any direct infringement, Sprinklr's pre-suit knowledge of any Asserted Patent, or that the Accused Products have no substantial non-infringing uses.

#### 1. *Orion Failed to Adequately Plead Underlying Direct Infringement*

First, Orion's repeated failure to adequately plead any underlying direct infringement of any Asserted Patent precludes indirect infringement. *See, e.g.*, *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Should the Court dismiss Orion's direct infringement claims, Orion's indirect infringement claims must also be dismissed. *See, e.g.*, *Contiguity*, 2024 WL 252068, at *4. Beyond this, Orion's Amended Complaint merely repeats the boilerplate allegations from its original Complaint: that Sprinklr "has taken active steps . . . with the specific intent to cause [others] to use the Accused Products in a manner that infringes one or more claims of the [asserted] patent[s]" and that "Defendant has contributed to the direct infringement of the [asserted] patent[s] by its personnel, contractors, distributors, and

customers." Dkt. 24, ¶¶ 62–63, 104–05, 146–47, 196–97, 237–38; *see also* Dkt. 1, ¶¶ 32–33, 47–48, 62–63, 77–78, 92–93 (same).  But this Court has found such allegations insufficient to plead indirect infringement.  *See, e.g.*, Ex. 16 (*AuthWallet, LLC v. Amarillo Nat'l Bank*, No. 24-CV-00064-DC, Dkt. 27 (W.D. Tex. Feb. 28, 2025)), at 5 ("Plaintiff provides no factual allegations as to who or how Defendant allegedly induces others . . . or contributes to others infringement").

### 2.    *Orion Failed to Adequately Plead Actual Knowledge*

Second, both theories of indirect infringement require the indirect infringer's knowledge of the Asserted Patents and knowledge of alleged infringement.  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).  To state a claim of induced infringement, the patentee must allege plausible facts which establish that the defendant "actively and knowingly aid[ed] and abet[ed] another's direct infringement."  *C.R. Bard., Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990); *accord Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 2022-2001, 2023 WL 5219773, at *5 (Fed. Cir. Aug. 15, 2023).  Induced infringement "requires knowledge that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018).  Therefore, to survive a motion to dismiss, the complaint "must contain facts plausibly showing that [a defendant] specifically intended their customers to infringe [the patents] and knew that the customer's acts constituted infringement."  *Bill of Lading*, 681 F.3d at 1339.  And similarly, to state a claim for contributory infringement, Orion must sufficiently plead that Sprinklr knew of both the asserted patent and the infringement thereof.  *Flypsi, Inc. v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 WL 3593053, at *3 (W.D. Tex. Aug. 22, 2022).  Orion's Amended Complaint fails on both counts.  For example, Orion has again failed to plead any facts which establish that Sprinklr had any knowledge of any Asserted Patent before the filing of this lawsuit.  Orion alleges only that "Defendant has . . . knowledge of

the [asserted] patent[s] and . . . that the induced acts constitute infringement.  Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the . . . patent[s]," and repeats this allegation *verbatim* in each count.  Dkt. 24, ¶¶ 62, 104, 146, 196, 237; *see also* Dkt. 1, ¶¶ 32, 47, 62, 77, 92 (same).  These statements are bare assertions that amount to little more than formulaic recitations of the elements of induced infringement.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009).  Orion's conclusory allegations are insufficient under either theory.  *See, e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("Simply repeating the legal conclusion that Defendants induced infringement or contributorily infringed does not plead [sufficient] 'factual content . . . .'").

3.      *Orion Insufficiently Pleaded a Lack of Substantial Non-Infringing Uses*

Third, Orion's contributory infringement allegations are further deficient because Orion again failed to plausibly allege a lack of substantial non-infringing uses for the Accused Product.  To state a claim for contributory infringement, a plaintiff must plead facts showing that the accused components have no substantial non-infringing uses.  *E.g.*, *Bill of Lading*, 681 F.3d at 1337; *Inhale, Inc v. Gravitron, LLC*, No. 1:18-CV-762-LY, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018).  But Orion also fails to do this.  In its Amended Complaint, Orion again repeats only the same *verbatim* allegations for each asserted patent: "The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the [asserted] patent[s,] . . . constitute a material part of the invention[s,] . . . and are not staple articles of commerce suitable for substantial non-infringing use." Dkt. 24, ¶¶ 63, 105, 147, 197, 238; *see also* Dkt. 1, ¶¶ 33, 48, 63, 78, 93 (same).  Once again, this merely recites the elements of contributory infringement, and such conclusory statements cannot form the basis of a plausible claim.  *See, e.g.*, *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 782 (W.D. Tex. 2022) ("[Plaintiff] has made no attempt to focus its contributory infringement

17

allegations on any specific components or functions"); *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018); *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (plaintiff's failure to plead "*facts* [that] suggest that [Defendant] knew of the [Plaintiff's] patents or that the [accused product] could not be used 'for purposes *other than* infringement'" required dismissal of contributory infringement claim (latter emphasis in original)). For at least these independent reasons, the Court should dismiss indirect infringement.

### C.    Orion Failed to Adequately Plead Willful Infringement

A claim for willful infringement cannot stand when there is no viable claim for direct infringement. Ex. 12 (*Fiserv*), at 3 ("[T]here can be no willful infringement without a plausible claim for infringement to begin with."). For this reason alone, the Court should dismiss Orion's willfulness claims. But even assuming Orion had sufficiently pleaded direct infringement, Orion again failed to allege any facts that would create a plausible claim for willful infringement. To plead willful infringement, a plaintiff must plausibly allege that (1) the accused infringer knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew or should have known that its conduct amounted to infringement. *Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 566 (W.D. Tex. 2022); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Orion fails to show any of these three elements, and its willful infringement claim should thus be dismissed.

### 1.    *Orion Failed to Plausibly Plead Knowledge of Any Asserted Patent*

First, as discussed regarding Orion's indirect infringement claims, it failed to plead any facts showing Sprinklr's actual knowledge of any Asserted Patent. Instead, Orion alleged that, "on information and belief, Defendant has a policy or practice of not reviewing the patents of others, . . . and thus have [sic] been willfully blind of Orion Labs' patent rights." Dkt. 24, ¶¶ 65, 107, 149, 199, 240; *see also* Dkt. 1, ¶¶ 35, 50, 65, 80, 95 (same). But "willful blindness requires

that '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.'" *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 728 (W.D. Tex. 2022) (quoting *Global-Tech*, 563 U.S. at 769).  This Court has previously held that "[a] plaintiff who relies on willful blindness to plead knowledge must ***identify*** in its complaint ***affirmative actions*** taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021).  But Orion's conclusory allegations, again repeated from its original Complaint, fail to do so.  *See, e.g.*, *GreatGigz Sols. LLC v. Freelancer Ltd.*, No. 6:20-CV-00738-ADA, 2022 WL 22860429, at *7 (W.D. Tex. July 1, 2022) (finding allegations regarding similar policy "qualified by 'on information and belief,' and lack[ing] any other facts to support the purported policy" insufficient to plead willful infringement).  And even taking the pleaded facts as true at the 12(b)(6) stage, this allegation is still insufficient to raise an inference of willful blindness.  *See, e.g.*, *id.* ("Having a general policy with respect to thousands of patents in a field of technology does not plausibly establish or imply that [Defendant] subjectively believed there was a high probability that its acts constituted infringement of two specific patents." (cleaned up)).

### 2.    *Orion Failed to Plausibly Plead Direct Infringement*

Direct infringement is a prerequisite for willful infringement.  *See* 35 U.S.C. § 284.  Orion failed to plausibly allege Sprinklr's direct infringement of any Asserted Patent, as discussed above, so this element of willful infringement must also fail.  *See CTD Networks*, 688 F. Supp. 3d at 503.

### 3.    *Orion Failed to Plausibly Plead Sprinklr's Knowledge of Alleged Infringement of Any Asserted Patent*

In addition to the requirement to plead a defendant's actual knowledge of each Asserted Patent, plaintiffs must further plead that the defendant "had a specific intent to infringe at the time

of the challenged conduct," *see Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021), meaning that the defendant necessarily knew its actions constituted infringement. But Orion's only related allegation is that Sprinklr had knowledge of the Asserted Patents at least as of the date that this action was filed. *See* Dkt. 24, ¶¶ 64, 106, 148, 198, 239; *see also* Dkt. 1, ¶¶ 34, 49, 64, 79, 94 (same). Orion has still not provided any facts from which it can be inferred that Sprinklr knew or should have known that its conduct ***would infringe*** the Asserted Patents, and thus, this is insufficient to create a plausible claim for willful infringement. *See, e.g.*, *Textile*, 620 F. Supp. 3d at 566. With a total absence of facts in the Amended Complaint to suggest that Sprinklr had pre-suit knowledge of the Asserted Patents, the willful infringement claims must also fail.

### D. Orion's Amended Complaint Should Be Dismissed with Prejudice

Dismissal with prejudice is appropriate where "plaintiffs have already pled their 'best case.'" *Shamoon v. City of San Antonio*, No. SA-18-CV-00718-XR, 2025 WL 1356399, at *6 (W.D. Tex. Apr. 30, 2025) (quoting *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)). Orion has now had two chances to plead a plausible claim. *See* Dkt. 1; Dkt. 24. Orion's failure to revise even a single allegation in response to a single argument from Sprinklr's original motion to dismiss shows that Orion has already pleaded its "best case" and that any further amendment would be futile. *See, e.g.*, *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *10 (W.D. Tex. Aug. 22, 2023); *ALD Soc. LLC*, 2023 WL 3184631, at *5–6. Dismissal with prejudice is the appropriate remedy.

## V. CONCLUSION

For the foregoing reasons, Sprinklr respectfully requests that the Court dismiss Orion's Amended Complaint with prejudice.

DATED: July 11, 2025                          Respectfully submitted,


                                             */s/ Jeanne M. Heffernan*
                                             Jeanne M. Heffernan, P.C.
                                             TBN 24128395
                                             KIRKLAND & ELLIS LLP
                                             401 Congress Avenue
                                             Austin, TX 78701
                                             (512) 678-9100
                                             jheffernan@kirkland.com

                                             Christopher Buxton
                                             TBN 24116154
                                             KIRKLAND & ELLIS LLP
                                             4550 Travis Street
                                             Dallas, Texas 75205
                                             (214) 972-1770
                                             christopher.buxton@kirkland.com

                                             Joseph A. Loy, P.C.
                                             KIRKLAND & ELLIS LLP
                                             601 Lexington Avenue
                                             New York, NY 10022
                                             (212) 446-4980
                                             joseph.loy@kirkland.com

                                             ***Attorneys for Defendant Sprinklr, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 11, 2025 with a copy of this document via the Court's CM/ECF system.

*/s/ Jeanne M. Heffernan*
Jeanne M. Heffernan